**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Kenneth E. Butterfield,** ) | **CASE NO. 1:13 CV 2490** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **Doctors at Brecksville V.A.,** ) | |
| ) | |
| **Defendant.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Kenneth E. Butterfield filed this action against the Doctors at the Brecksville Veterans Administration Hospital ("V.A. Hospital").  In the Complaint, Plaintiff claims physicians at the V.A. Hospital erroneously diagnosed him with schizophrenia and related disorders from 1982 to 2010.  He claims this is slander.  He seeks an injunction to prevent him "from ever being probated again... ."  (ECF No. 1 at 2).

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*.  (ECF No. 2).  That Motion is granted.

### BACKGROUND

Plaintiff alleges that physicians at the Brecksville V.A. Hospital have diagnosed him on four occasions with schizophrenia and related mental health disorders.  Specifically, he states he was diagnosed with schizotypal disorder in 1982, paranoid schizophrenia in 1986, schizophrenia

in 1991 and schizoaffective disorder in 2010. He disputes that he ever exhibited symptoms of these mental disorders. He believes the diagnoses are based on racial stereotyping and the Defendants' feelings of dislike toward him because he is a "hard-worker." He indicates the doctors have committed slander with their diagnoses. He requests an order from this Court preventing the doctors from involuntarily committing him for mental health treatment in the future.

## **STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when the Defendant is immune from suit or when the Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the

assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### **DISCUSSION**

Federal courts are courts of limited jurisdiction and have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

The Defendants in this case are employees of the V.A. Hospital, which is operated by an agency of the United States government. Plaintiff claims these doctors incorrectly diagnosed him with schizophrenia and related mental health disorders, and committed slander by verbalizing their opinions. Claims for negligent diagnosis, medical malpractice, and slander are based on state tort law.

The Westfall Act, 28 U.S.C. § 2679(b)(1), immunizes federal employees from liability for torts they commit when acting within the scope of their federal employment. When a federal employee acts within the scope of his or her employment and commits a tort, any relief for that

tort must be sought against the United States, not the individual employee, under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). The Westfall Act immunizes government employees from suit even when an FTCA exception precludes recovery against the United States. *United States v. Smith*, 499 U.S. 160, 166 (1991). Because Plaintiff is asserting tort claims against federal employees based on acts committed within the scope of their employment, his only remedy to obtain relief is an action against the United States under the FTCA.

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances to allow claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807, 814 (1976). Congress defined the exact terms and conditions upon which the government may be sued under the FTCA and the terms of the United States' consent defines the parameters of the federal court's jurisdiction to entertain these suits. *Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501 (1967).

The parameters placed on these tort claims dictate that they "shall forever be barred unless...presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The timely filing of an administrative claim is a requirement of the FTCA. If the administrative requirements of the FTCA have not been fulfilled, the case must be dismissed for lack of jurisdiction. *Dolan v. United States*, 514 F.3d 587, 593 (6th Cir. 2008). This Court cannot extend the waiver of immunity beyond what Congress intended, and

therefore has no discretion to waive the administrative filing requirements. *United States v. Kubrick*, 444 U.S. 111, 118 (1979).

Plaintiff does not provide any indication that he presented these claims to the appropriate federal agency within two years after each diagnosis. The administrative requirements are jurisdictional, and because Plaintiff did not demonstrate that he complied with them before bringing this action, the Court must dismiss this case for lack of jurisdiction. *Dolan*, 514 U.S. at 593.

## **CONCLUSION**

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/11/14